UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT ALEXANDER GRAY,

                    Petitioner,

v.                               Case No. 3:10-cv-98-J-34MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                    Respondents.

_____

**<u>ORDER</u>**

**<u>I. Status</u>**

Petitioner Robert Alexander Gray, an inmate of the Florida penal system, initiated this action by filing a <u>pro se</u> Petition for Writ of Habeas Corpus (Petition) (Doc. #1) and Memorandum of Law (Doc. #3) with exhibits (P. Ex.) under 28 U.S.C. § 2254 on February 2, 2010, pursuant to the mailbox rule.  Petitioner challenges a 2005 state court (Duval County, Florida) judgment of conviction for sale or delivery of cocaine within 1,000 feet of a public housing facility.  Respondents have submitted a memorandum in opposition to the Petition.  <u>See</u> Respondents' Amended Response (Response) (Doc.

#25) with exhibits (Resp. Ex.). While given sufficient time,

Petitioner has not filed a Reply.[1] This case is ripe for review.

## II. Procedural History

On April 21, 2005, the State of Florida charged Robert Alexander Gray with sale or delivery of cocaine within 1,000 feet of a public housing facility (count one) and two counts of possession of cocaine (counts two and three). Resp. Ex. 1 at 24, Second Amended Information. After jury selection, Gray proceeded to a trial on counts one and three. Resp. Exs. 2; 4, Transcripts of the Jury Trial (Tr.). At the conclusion of the trial, a jury found Gray guilty of both counts. Resp. Ex. 1 at 48-49, Verdicts; Tr. at 154. On May 31, 2005, the trial court adjudicated Gray as a habitual felony offender and sentenced him to a term of twenty years of imprisonment for count one and a term of five years of imprisonment for count three, such term to run concurrently to the sentence imposed for count one. Resp. Ex. 1 at 74-80, Judgment; 92-136, Transcript of the Sentencing (Sentencing Tr.).

On September 29, 2005, Gray filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Resp. Ex. 3 at 1-15. Finding Gray's sentence to be "lawful, correct and appropriate," the trial court denied the motion on October 4, 2005. Id. at 16-17.

---

[1] See Order (Doc. #30), filed September 12, 2012, at 2, paragraph 3.

On appeal, Gray, through counsel, filed an Initial Brief, arguing that the offense of sale or delivery of cocaine is a strict liability offense, and thus, the imposition of a twenty-year sentence violates his right to due process of law (ground one); Florida Statutes section 893.13(1)(a)1, as clarified by section 893.101, unconstitutionally fails to require mens rea in a prosecution for sale or delivery of cocaine (ground two); the trial court erred in imposing an enhanced sentence for sale or delivery of cocaine within 1,000 feet of a public housing facility because the term "public housing facility" is unconstitutionally vague (ground three); the trial court erred in sentencing Petitioner as a habitual felony offender because the offense of delivery of cocaine is an offense relating to possession of cocaine and therefore does not qualify for habitual felony offender sentencing (ground four); and the trial court erroneously sentenced Petitioner as a habitual felony offender in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Resp. Ex. 6.  The State filed an Answer Brief, see Resp. Ex. 7, and Gray filed a Reply Brief, see Resp. Ex. 8.  On May 22, 2006, the appellate court affirmed Gray's conviction and sentence per curiam.  Gray v. State 931 So.2d 905 (Fla. 1st DCA 2006); Resp. Ex. 9.  The appellate court denied Gray's motion for rehearing on June 20, 2006.  Resp. Ex. 10.  The

mandate issued on July 6, 2006.[2]  Petitioner did not seek review in the United States Supreme Court.

On or about May 18, 2007, Gray filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Resp. Ex. 11 at 1-21.  In his request for post conviction relief, Gray asserted that counsel (Katy Aguilar Harris) was ineffective because she failed to: move to suppress the audiotape recording of the drug transaction (ground one); move to suppress the Jacksonville Sheriff's Office (JSO) money sheet because it lacked the time, date, and signature of a witness to ensure chain of custody (ground two); object to the admission of the JSO money sheet (ground three); impeach Detective Hollins with his inconsistent statements (ground four); object to Detective Elegino's authentication of the money sheet (ground five); and request a curative jury instruction that the evidence did not confirm Detective Hollins' testimony (ground six).  In accordance with the trial court's order directing the State to file a response, see id. at 22, the State responded, see id. at 193-96.  On September 13, 2007, the court denied the Rule 3.850 motion for the reasons set forth in the State's response.  Id. at 23.  On appeal, Gray filed a brief.  Resp. Ex. 13.  On May 13, 2008, the appellate court affirmed the trial court's decision per curiam.

---

[2] Online docket, Robert Gray v. State of Florida, Case No. 1D05-3042, website for the First District Court of Appeal (http://www.1dca.org).

Gray v. State, 984 So.2d 1252 (Fla. 1st DCA 2008); Resp. Exs. 12;
14.  The court denied Gray's motion for rehearing on June 26, 2008.
Resp. Exs. 15; 16.  The mandate issued on July 14, 2008.  Resp.
Exs. 12; 17.  The Florida Supreme Court dismissed his petition for
lack of jurisdiction on September 10, 2008.  Gray v. State, 992
So.2d 819 (Fla. 2008); Resp. Ex. 34.

During the pendency of his Rule 3.850 motion, Gray, on or
about December 27, 2007, filed a pro se motion to correct
sentencing error pursuant to Florida Rule of Criminal Procedure
3.800(a), asserting that his sentence was illegal because he did
not qualify for habitual offender sentencing.  Resp. Ex. 18 at 1-
18.  On February 6, 2008, the trial court denied the motion,
finding that Gray was properly sentenced as a habitual felony
offender.  Id. at 19-30.  Gray appealed.  Resp. Ex. 20.  On
September 16, 2008, the appellate court affirmed the trial court's
decision per curiam, see Resp. Ex. 21, and the mandate issued on
October 14, 2008, see Resp. Ex. 22.

On or about May 8, 2008, Gray filed a second pro se motion for
post conviction relief pursuant to Florida Rule of Criminal
Procedure 3.850.  Resp. Ex. 23 at 1-9.  In the request for post
conviction relief, Gray asserted that counsel was ineffective
because she failed to move to suppress electronic eavesdropping of
private communications inside his home.  The court, on May 29,
2008, denied the motion as successive.  Id. at 10-11.  On December

3, 2008, the appellate court affirmed the trial court's decision per curiam, <u>see</u> Resp. Exs. 24; 25, and the mandate issued on December 30, 2008, <u>see</u> Resp. Exs. 24; 26.

On or about January 20, 2009, Gray filed a <u>pro</u> <u>se</u> motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Resp. Ex. 27 at 1-6. The court, on March 10, 2009, denied the motion. <u>Id</u>. at 7-19. Following Gray's appeal, <u>see</u> Resp. Ex. 29, the appellate court, on September 15, 2009, affirmed the trial court's decision per curiam, <u>see</u> Resp. Exs. 28; 30. The court denied Petitioner's motion for rehearing on December 16, 2009, <u>see</u> Resp. Exs. 31; 32, and the mandate issued on January 4, 2010, <u>see</u> Resp. Exs. 28; 33.

## III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations. <u>See</u> 28 U.S.C. § 2244(d).

## IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." <u>Id</u>. The

6

pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

## V. Standard of Review

The Court will analyze Gray's claims under 28 U.S.C. § 2254(d).  This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2003).
>
> As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:
>
>> A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context.  An application of federal law cannot be considered unreasonable merely because it is, in our judgment, incorrect or erroneous; a state

7

> court decision must also be
> unreasonable. Questions of law and
> mixed questions of law and fact are
> reviewed <u>de</u> <u>novo</u>, as is the district
> court's conclusion regarding the
> reasonableness of the state court's
> application of federal law.
>
> <u>Jennings v. McDonough</u>, 490 F.3d 1230, 1236
> (11th Cir. 2007) (quotation marks and
> citations omitted). In sum, "a federal habeas
> court making the 'unreasonable application'
> inquiry should ask whether the state court's
> application of clearly established federal law
> was objectively unreasonable." <u>Williams</u>, 529
> U.S. at 409, 120 S.Ct. at 1521. Finally, 28
> U.S.C. § 2254(e)(1) commands that for a writ
> to issue because the state court made an
> "unreasonable determination of the facts," the
> petitioner must rebut "the presumption of
> correctness [of a state court's factual
> findings] by clear and convincing evidence."[3]
> 28 U.S.C. § 2254(e)(1).

<u>Ward v. Hall</u>, 592 F.3d 1144, 1155-56 (11th Cir. 2010), <u>cert</u>.

<u>denied</u>, 131 S.Ct. 647 (2010).

Finally, for a state court's resolution of a claim to be an

adjudication on the merits, so that the state court's determination

will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the

claim on the merits, not an opinion that explains the state court's

rationale for such a ruling. <u>Harrington v. Richter</u>, 131 S.Ct. 770,

785 (2011) (holding that section 2254(d) does not require a state

---

[3] "This presumption of correctness applies equally to factual
determinations made by state trial and appellate courts." <u>Bui v.
Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted)
(citing <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981)).

court to give reasons before its decision can be deemed to have been adjudicated on the merits); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). Thus, to the extent that Gray's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

### VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

> different. A reasonable probability is a
> probability sufficient to undermine confidence
> in the outcome." Id., at 694, 104 S.Ct. 2052.
> It is not enough "to show that the errors had
> some conceivable effect on the outcome of the
> proceeding." Id., at 693, 104 S.Ct. 2052.
> Counsel's errors must be "so serious as to
> deprive the defendant of a fair trial, a trial
> whose result is reliable." Id., at 687, 104
> S.Ct. 2052.

Harrington, 131 S.Ct. at 787-88.

Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward, 592 F.3d at 1163 (citation omitted). "Surmounting Strickland's high bar is never an easy task." Harrington, 131 S.Ct. at 788 (quoting Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010)).

A state court's adjudication of an ineffectiveness claim is accorded great deference. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' [Strickland], at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, Knowles[4], 556 U.S., at ----, 129 S.Ct. at 1420." Harrington, 131 S.Ct. at 788.

> The question "is not whether a federal
> court believes the state court's
> determination" under the Strickland standard
> "was incorrect but whether that determination

---

[4] Knowles v. Mirzayance, 556 U.S. 111 (2009).

was unreasonable - a substantially higher threshold." <u>Schriro</u>, <u>supra</u>, at 473, 127 S.Ct. 1933. And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. <u>See</u> <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

<u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009); <u>see also</u> <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision.").

### VII. Findings of Fact and Conclusions of Law

#### A. Ground One

As ground one, Gray contends that his twenty-year sentence for sale or delivery of cocaine is improper because Florida law has made the crime a strict liability offense and due process of law requires lenient sentencing for strict liability offenses. Petitioner raised this issue in his brief, as ground one, on direct appeal, <u>see</u> Resp. Ex. 6; the State filed an Answer Brief, <u>see</u> Resp. Ex. 7; and Petitioner filed a Reply Brief, <u>see</u> Resp. Ex. 8. The appellate court affirmed Petitioner's conviction and sentence per curiam. <u>Gray</u> 931 So.2d 905; Resp. Ex. 9.

11

The State, in its brief, addressed the claim on the merits. Resp. Ex. 7 at 8-17. Thus, the appellate court may have affirmed Gray's conviction based on the State's argument on the merits. If the appellate court addressed the merits, Gray would not be entitled to relief because the state court's adjudication of this claim is entitled to deference under AEDPA.[5] After a thorough review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Gray is not entitled to relief on the basis of this claim.[6]

Additionally, even assuming that the state court's adjudication of this claim is not entitled to deference, Gray's claim is without merit. The Due Process Clause of the Fourteenth Amendment requires the State to prove beyond a reasonable doubt each element of the offense charged. <u>Thompson v. Nagle</u>, 118 F.3d 1442, 1448 (11th Cir. 1997) (citing <u>Jackson v. Virginia</u>, 443 U.S. 307, 314 (1979)), <u>cert</u>. <u>denied</u>, 522 U.S. 1125 (1998). Gray bases

---

[5] <u>See</u> <u>Harrington</u>, 131 S.Ct. at 785.

[6] <u>See</u> <u>Shelton v. Sec'y, Dep't of Corr.</u>, 691 F.3d 1348 (11th Cir. 2012) (reversing the district court's decision that Florida's drug statute is unconstitutional for failing to provide a <u>mens</u> <u>rea</u> element; holding that the district court's failure to accord deference to the state court decision violated AEDPA).

his due process claim on a line of Florida cases and statutory

changes to Florida's drug laws.

> In <u>Chicone</u>, the supreme court [of
> Florida] held that the offense of possession
> of a controlled substance included not only
> knowledge that the substance was in the
> defendant's possession, but also knowledge of
> the illicit nature of the substance. <u>See id</u>.
> at 738.[7]  Subsequently, in <u>Scott v. State</u>,
> 808 So.2d 166 (Fla. 2002), the supreme court
> determined that, regardless of the defense
> raised or the affirmative defenses asserted, a
> defendant is entitled to an instruction on the
> element of guilty knowledge in a possession
> case because it is an element of the crime.
> <u>See id</u>. at 170.  The <u>Scott</u> court stated that
> failure to give the requested instruction is
> not harmless error.  <u>Id</u>.  In <u>McMillon v.
> State</u>, 813 So.2d 56 (Fla. 2002), <u>Chicone</u> was
> extended to cases where the defendant was
> charged with sale of cocaine.

> Both <u>Chicone</u> and <u>Scott</u> were addressed,
> however, by the legislature's enactment of
> section 893.101, Florida Statutes (2002),
> which states the following:

> > (1) The Legislature finds that the
> > cases of <u>Scott v. State</u>, Slip
> > Opinion No. SC 94701 [,808 So.2d
> > 166] (Fla. 2002) and <u>Chicone v.
> > State</u>, 684 So.2d 736 (Fla. 1996),
> > holding that the state must prove
> > the defendant knew of the illicit
> > nature of a controlled substance
> > found in his or her actual or
> > constructive possession, were
> > contrary to legislative intent.

> > (2) The Legislature finds that
> > knowledge of the illicit nature of a
> > controlled substance is not an
> > element of any offense under this

---

[7] <u>Chicone v. State</u>, 684 So.2d 736 (Fla. 1996).

> chapter.   Lack of knowledge of the
> illicit   nature   of   a   controlled
> substance is an affirmative defense
> to the offenses of this chapter.
>
> The effective date of the statute is May
> 13,   2002   and   it   may   not   be   applied
> retroactively.   See Quaintance v. State, 845
> So.2d 294 (Fla. 1st DCA 2003) (For any offense
> occurring prior to May 13, 2002, an essential
> element   of   the   crime   of   possession   of   an
> illegal substance was knowledge of the illicit
> nature   of   the   substance);   see   also   Blunt v.
> State, 831 So.2d 770, 772 (Fla. 4th DCA 2002)
> (May   13,   2002   law   may   not   be   applied
> retroactively to a charge arising before its
> effective date).

Sandifer v. State, 851 So.2d 788, 789-90 (Fla. 4th DCA 2003).

The crime in the instant case occurred on October 29, 2004,
see Resp. Ex. 1 at 24, Second Amended Information, well after May
13, 2002, the effective date of the statute.   Thus, in accordance
with Florida law, knowledge of the illicit nature of the substance
was no longer an essential element of the crime at the time it was
committed in October of 2004.   The jury was instructed accordingly.
See Tr. at 133.   Of course, "writing of elements into crimes is for
the Legislature", not the courts.[8]   McMillon v. State, 813 So.2d
56, 59 (Fla. 2002) (Wells, C.J., dissenting).   Thus, knowledge of

---

[8] Not only is the Legislature charged with the writing of the
elements of crimes, it is also "vested with broad authority to
determine intent requirements in defining crimes."   Wright v.
State, 920 So.2d 21, 23 (Fla. 4th DCA 2005) (citations omitted).
The Florida courts have concluded that "the elimination of the
difficult-to-prove element of knowledge of a substance's illicit
nature" is rationally related to the strong governmental interest
of addressing the drug problem.   Id.

the illicit nature of a controlled substance is no longer an
element of the offenses of possession, or sale or delivery of a
controlled substance for offenses committed after May 13, 2002.
Section 893.101, Florida Statutes (2002); see Knox v. Sec'y, Dep't
of Corr., 3:10-cv-306-J-20TEM, Order (Doc. #19), filed August 11,
2011; Case No. 3:10-cv-306-J-20TEM, Eleventh Circuit's Order (Doc.
#25) (denying Knox's motion for a certificate of appealability),
dated July 9, 2012.

In the instant case, guilty knowledge is not an element of the
offense of sale or delivery of a controlled substance, since Gray
committed the offense in October of 2004, after the effective date
of the amended statute.  Indeed, Gray's assertion that the offense
of sale or delivery of cocaine is a "strict liability offense" is
without merit.  See Williams v. State, 45 So.3d 14 (Fla. 1st DCA
2010) (per curiam) (rejecting petitioner's claim that his sentences
are unconstitutional because, by virtue of Florida Statutes §
893.101, his offenses are "strict liability offenses" for which the
maximum sentences that can be imposed consistent with due process
are no more than one year in jail), rev. denied, 53 So.3d 1022
(Fla. 2011); Wright v. State, 920 So.2d 21, 24 (Fla. 4th DCA 2005)
(finding that § 893.101 "does two things: it makes possession of a
controlled substance a general intent crime, no longer requiring
the state to prove that a violator be aware that the contraband is
illegal, and, second, it allows a defendant to assert lack of

knowledge as an affirmative defense"), <u>rev</u>. <u>denied</u>, 915 So.2d 1198 (Fla. 2005).

Here, Florida Statutes section 893.101 required only that a matter peculiarly within Gray's knowledge - that the substance at issue was illicit - be raised as an affirmative defense rather than proven in the State's case-in-chief.  The offense for which he was convicted (sale or delivery of cocaine) is not a strict liability crime entitling Gray to a sentence of no more than one year in jail.   Quite  to  the  contrary,  Gray's  twenty-year  term  of imprisonment, imposed pursuant to Florida Statutes § 775.084(4)(a), <u>see</u> Resp. Ex. 1 at 79; Sentencing Tr., is lawful and does not violate Gray's right to due process of law.  This ground does not warrant federal habeas corpus relief.  <u>See</u> Response at 16-32.

## B. Ground Two

As  ground  two,  Gray  asserts  that  Florida  Statutes  section 893.13(1)(a)1, as clarified by section 893.101, is unconstitutional because it fails to require the <u>mens</u> <u>rea</u> in a prosecution for sale or delivery of cocaine.  Gray raised this issue in his brief, as ground two, on direct appeal, <u>see</u> Resp. Ex. 6; the State filed an Answer Brief, <u>see</u> Resp. Ex. 7; Petitioner filed a Reply Brief, <u>see</u> Resp.  Ex.  8,  and  the  appellate  court  affirmed  Petitioner's conviction and sentence per curiam.  <u>Gray</u> 931 So.2d 905; Resp. Ex. 9.

To the extent that the State, in its appellate brief, addressed the claim on the merits, see Resp. Ex. 7 at 18-26, the appellate court may have affirmed Gray's conviction based on the State's argument on the merits.  If the appellate court addressed the merits, Gray would not be entitled to relief because the state court's adjudication of this claim is entitled to deference under AEDPA.[9]  After a thorough review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Gray is not entitled to relief on the basis of this claim.[10]  Additionally, even assuming that the state court's adjudication of this claim is not entitled to deference, Petitioner's claim is without merit.  See State v. Adkins, 96 So.3d 412, 423 (Fla. 2012) ("In enacting section 893.101, the Legislature eliminated from the definitions of the offenses in chapter 893 the element that the defendant has knowledge of the illicit nature of the controlled substance and created the affirmative defense of lack of such knowledge. The statutory provisions do not violate any

---

[9] See Harrington, 131 S.Ct. at 785.

[10] See Shelton, 691 F.3d 1348.

requirement of due process articulated by this Court or the Supreme
Court.").

## C. Ground Three

As ground three, Gray contends that the trial court erred by
imposing an enhanced sentence on count one (sale or delivery of
cocaine within 1,000 feet of a public housing facility) because the
term "public housing facility," as defined by statute, is
unconstitutionally vague. Gray raised this issue in his brief, as
ground three, on direct appeal, <u>see</u> Resp. Ex. 6; the State filed an
Answer Brief, <u>see</u> Resp. Ex. 7; and Petitioner filed a Reply Brief,
<u>see</u> Resp. Ex. 8.  The appellate court affirmed Gray's conviction
and sentence per curiam.  Resp. Ex. 9.

The State, in its appellate brief, addressed the claim on the
merits.  <u>See</u> Resp. Ex. 7 at 27-34.  Thus, to the extent that Gray
raised this trial court error claim on direct appeal as a federal
constitutional claim,[11] the appellate court may have affirmed Gray's
conviction based on the State's argument on the merits.  If the
appellate court addressed the merits, Gray would not be entitled to
relief because the state court's adjudication of this claim is
entitled to deference under AEDPA.  After a review of the record
and the applicable law, the Court concludes that the state court's
adjudication of this claim was not contrary to clearly established
federal law, did not involve an unreasonable application of clearly

---

[11] <u>See</u> Response at 32.

established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Gray is not entitled to relief on the basis of this claim.

Additionally, even assuming that the state court's adjudication of this claim is not entitled to deference, Gray's claim, nevertheless, is without merit.  The State of Florida charged Gray with sale or delivery of cocaine within 1,000 feet of the real property comprising a public housing facility (count one), contrary to the provisions of Florida Statutes section 893.13(1)(f)1, see Resp. Ex. 1 at 24, Second Amended Information, and a jury found Gray guilty of that offense, see Tr. at 154; Resp. Ex. 1 at 48-49, Verdicts.  Florida Statutes section 893.13(1)(f)1 provides:

> Except as authorized by this chapter, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance in, on, or within 1,000 feet of the real property comprising a public housing facility at any time. For purposes of this section, the term "real property comprising a public housing facility" means real property, as defined in s. 421.03(12), of a public corporation created as a housing authority pursuant to part I of chapter 421. . . . .

Moreover, Florida Statutes section 421.03(12) reads:

> "Real property" shall include all lands, including improvements and fixtures thereon, and property of any nature appurtenant thereto, or used in connection therewith, and every estate, interest and right, legal or

19

> equitable, therein, including terms for years
> and liens by way of judgment, mortgage or
> otherwise and the indebtedness secured by such
> liens.

Florida Statutes section 421.03(1) states: "Authority" or "housing authority" shall mean any of the public corporations created by s. 421.04."   Additionally, section 421.04(1) states, in pertinent part:

> In each city, as herein defined, there is
> hereby created a public body corporate and
> politic to be known as the "Housing Authority"
> of the city; provided, however, that such
> authority shall not transact any business or
> exercise its powers hereunder until or unless
> the governing body of the city by proper
> resolution shall declare that there is need
> for an authority to function in such city.

Thus, the statutory terminology utilized in the Second Amended Information to charge Petitioner ("real property comprising a public housing facility") means property owned or used by a housing authority created under Florida Statutes section 421.04.

A statute is not unconstitutionally vague if the language "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." Brown v. State, 629 So.2d at 841, 842 (Fla. 1994) (citations omitted).   In the instant case, Florida Statutes section 893.13(1)(f)1 gives adequate notice of the prohibited conduct.   Thus, because the statute, on its face, give a person of ordinary intelligence fair notice of what conduct is forbidden, Gray's claim is without merit. See Response at 33-34; Resp. Ex. 7 at 28-34.

20

## D. Ground Four

As ground four, Gray asserts that the trial court erred in sentencing him as a habitual felony offender because the offense of "delivery" of cocaine is an offense "relating to" possession of cocaine, and therefore does not qualify for habitual felony offender sentencing.  He premises his argument on the language of Florida Statutes section 775.084(1)(a)3, which provides that a defendant may be sentenced as a habitual felony offender provided that "[t]he felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance."  Gray raised this issue in his brief, as ground four, on direct appeal, see Resp. Ex. 6; the State filed an Answer Brief, see Resp. Ex. 7; Gray filed a Reply Brief, see Resp. Ex. 8, and the appellate court affirmed Petitioner's conviction and sentence per curiam.  Resp. Ex. 9.

To the extent that the State, in its appellate brief, addressed the claim on the merits, see Resp. Ex. 7 at 35-38, the appellate court may have affirmed Gray's conviction based on the State's argument on the merits.  If the appellate court addressed the merits, Gray would not be entitled to relief because the state court's adjudication of this claim is entitled to deference under AEDPA.  After a thorough review of the record and the applicable law, the Court concludes that the state court's adjudication of

this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Gray is not entitled to relief on the basis of this claim.

Moreover, even assuming that the state court's adjudication of this claim is not entitled to deference, such a claim presents an issue purely of state law that is not cognizable on federal habeas review. The purpose of a federal habeas proceeding is review of the lawfulness of Gray's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States.[12]  Coleman v. Thompson, 501 U.S. 722, reh'q denied, 501 U.S. 1277 (1991). Gray's habitual felony offender sentence does not violate the United States Constitution.  Moreover, Florida courts have found Gray's argument that he could not be sentenced as a habitual felony offender for the crime of delivery of cocaine to be without merit.  See Phoenix v. State, 88 So.3d 333 (Fla. 4th DCA 2012); Knight v. State, 882 So.2d 1081 (Fla. 4th DCA 2004), rev. denied, 895 So.2d 405 (Fla. 2005).  Thus, this ground does not

---

[12] A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).

warrant federal habeas relief.  See Response at 34-35; Resp. Ex. 7 at 35-38.

### E. Ground Five

As ground five, Gray contends that the trial court erroneously sentenced him as a habitual felony offender in violation of Apprendi v. New Jersey.  Gray raised this issue in his brief, as ground five, on direct appeal, see Resp. Ex. 6; the State filed an Answer Brief, see Resp. Ex. 7; Gray filed a Reply Brief, see Resp. Ex. 8, and the appellate court affirmed Gray's conviction and sentence per curiam, see  Resp. Ex. 9.

The State, in its appellate brief, addressed the claim on the merits.  See Resp. Ex. 7 at 39-44.  Thus, the appellate court may have affirmed Gray's conviction based on the State's argument on the merits.  If the appellate court addressed the merits, Gray would not be entitled to relief because the state court's adjudication of this claim is entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Gray is not entitled to relief on the basis of this claim.

Additionally, even assuming that the state court's adjudication of this claim is not entitled to deference, Gray's claim, nevertheless, is without merit. On June 26, 2000, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. As the Court clarified on June 24, 2004, "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 542 U.S. 296, 303 (2004) (emphasis deleted).

Recognizing recidivism as a traditional basis for a sentencing court's increasing an offender's sentence, the Apprendi Court declined to revisit Almendarez-Torres v. United States, 523 U.S. 224 (1998). Apprendi, 530 U.S. at 488-90. In Almendarez-Torres, the Court established that a defendant's prior conviction is merely "a sentencing factor" that does not have to be submitted to the jury and proved beyond a reasonable doubt. Almendarez-Torres, 523 U.S. at 226-27, 235.

The United States Supreme Court has not overruled Almendarez-Torres, and its holding remains binding precedent in this Circuit. See United States v. O'Brien, 130 S.Ct. 2169, 2174, 2180 (2010) (holding the machine gun provision is an element of the offense,

24

not a sentencing factor, but recognizing the Almendarez-Torres exception); Rita v. United States, 551 U.S. 338, 387 n.1 (2007) ("We recognized a single exception to this rule, permitting reliance on the fact of a prior conviction without a jury determination that the defendant had previously been convicted.") In addressing a Sixth Amendment claim that a prior conviction could not be relied upon because it was not found by a jury beyond a reasonable doubt, the Eleventh Circuit stated:

> Both Supreme Court and this circuit's precedent foreclose [Petitioner]'s arguments. The Supreme Court has held that neither the Constitution nor any statute is violated when a prior offense, not charged in the indictment, is used to increase a sentence. Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). We have applied Almendarez-Torres in holding that a district court does not violate the Sixth Amendment when a statutory maximum sentence is increased based upon judicial findings of prior convictions that were never proved to a jury beyond a reasonable doubt or affirmatively admitted by the defendant in his plea hearing. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). Moreover, we have held that neither Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), nor United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) disturbed the Supreme Court's holding in Almendarez v. Torres. Id. Although various justices of the Supreme Court have questioned the soundness of Almendarez-Torres in subsequent decisions, until it is expressly overruled, we are bound to follow it. See United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006).

United States v. McCain, 358 Fed.Appx. 51, 52 (11th Cir. 2009) (per curiam) (not selected for publication in the Federal Reporter); see United States v. Beasley, 447 Fed.Appx. 32, 37 (11th Cir. 2011) (per curiam) (not selected for publication in the Federal Reporter).

Again, the Eleventh Circuit reiterated its position, rejecting a Sixth Amendment claim and stating:

> this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). We repeatedly have explained that, even after Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we are bound by Almendarez-Torres until it is explicitly overruled by the Supreme Court. See, e.g., United States v. Greer, 440 F.3d 1267, 1273-74 (11th Cir. 2006); United States v. Gibson, 434 F.3d 1234, 1246-47 (11th Cir. 2006).

> [The Petitioner] argues that Almendarez-Torres permits a sentencing court to find only the mere fact of a conviction and that Apprendi, Booker, and Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), bar judge-made findings about the factual nature of the prior convictions. This Court has already rejected this argument. See Greer, 440 F.3d at 1275 (explaining that Apprendi, Booker and Shepard do not "forbid a judge from determining the factual nature of a prior conviction," but instead "restrict[ ] the sources or evidence that a judge (instead of a jury) can consider in making that finding" (quotation marks omitted)).

United States v. Michel, 430 Fed.Appx. 838, 839 (11th Cir. 2011)
(per curiam) (not selected for publication in the Federal
Reporter), cert. denied, 132 S.Ct. 434 (2011).   Just as the
Eleventh Circuit has acknowledged that it is "bound to follow
Almendarez-Torres unless and until the Supreme Court itself
overrules that decision[,]" United States v. Thomas, 242 F.3d 1028,
1035 (11th Cir. 2001), cert. denied, 533 U.S. 960 (2001), this
Court is bound to follow Almendarez-Torres.   Thus, Gray's claim
does not warrant federal habeas corpus relief.

### F. Ground Six

As ground six, Gray asserts that counsel was ineffective
because she failed to move to suppress the audiotape recording of
the drug transaction.   Petitioner raised this ineffectiveness claim
in his Rule 3.850 motion.   Resp. Ex. 11 at 6-7.   In accordance with
the trial court's order directing the State to file a response, see
id. at 22, the State responded with respect to this claim, stating
in pertinent part:

> In "Ground One" of the Defendant's
> motion, he contends that his counsel at the
> trial, Ms. Katy Aguilar-Harris, provided
> ineffective assistance by failing to file a
> motion to suppress the audio tape of the drug
> transaction.   The defendant has failed to
> allege a legally sufficient claim for post-
> conviction relief.   The two-prong test [is]
> laid out in Strickland v. Washington, 466 U.S.
> 668 (1984).   The audio tape was found to be
> admissible after the proper predicate was laid

27

during the trial.  See Exhibit A, p. 36-37.[13]
There is no legal basis for the defense
attorney to object to the admission [of] the
tape or file a motion to suppress. . . .

Id. at 193-94 (emphasis deleted).  The trial court denied the Rule

3.850 motion "for the reasons set forth in the State's response.

Id. at 23.  Upon Petitioner's appeal, the appellate court affirmed

the trial court's decision per curiam.

Given the record in the instant action, the appellate court

appears to have affirmed the denial of Gray's motion for post

conviction relief on the merits.  If this is the case, Gray would

not be entitled to relief because the state courts' adjudications

of this claim are entitled to deference under AEDPA.  After a

review of the record and the applicable law, the Court concludes

that the state courts' adjudications of this claim were not

contrary to clearly established federal law and did not involve an

unreasonable application of clearly established federal law.  Nor

were the state court adjudications based on an unreasonable

determination of the facts in light of the evidence presented in

the state court proceedings.  Thus, Gray is not entitled to relief

on the basis of this claim.

Even assuming that the appellate court did not affirm the

denial of the Rule 3.850 motion on the merits or that the state

courts' adjudications of this claim are not entitled to deference

_____

[13] See Tr. at 36-38.

under AEDPA, Gray's claim is still without merit. The trial court's conclusion is fully supported by the record. In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted). Thus, Gray must establish that no competent attorney would have taken the action that counsel, here, chose. Dingle v. Sec'y for Dept. of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted), cert. denied, 552 U.S. 990 (2007). Gray has failed to carry this burden.

Given the record, counsel's performance was within the wide range of professionally competent assistance. In light of the circumstances surrounding the drug transaction,[14] Gray has not shown

---

[14] Detective Hollins testified that, as Petitioner stood in the front doorway of the apartment building, Hollins told him he "was trying to get some hard [(crack cocaine)]." Tr. at 21-23. According to Hollins, when Petitioner told him "to come on up," they went into a small hallway of the apartment building where

that counsel's failure to move to suppress the audiotape recording
of the transaction was deficient performance. Even assuming
arguendo deficient performance by defense counsel, Gray has not
shown prejudice. Specifically, he has not shown that a reasonable
probability exists that the outcome of the case would have been
different if counsel had filed a motion to suppress relating to the
audiotape recording. Thus, Gray's ineffectiveness claim fails
because he has not shown either deficient performance or resulting
prejudice.

## G. Ground Seven

As ground seven, Gray contends that counsel was ineffective
because she failed to object to the money verification sheet. Gray
raised this ineffectiveness claim in his Rule 3.850 motion. Resp.
Ex. 11 at 10-11. As to this claim, the State addressed the issue
on the merits, in pertinent part:

> In "Ground Three" contained in the Defendant's
> Motion, he contends that his counsel at the
> trial, Ms. Katy Aguilar-Harris, provided
> ineffective assistance by failing to object to
> the admission of the money sheet. The

---

Hollins gave Gray a twenty-dollar bill in exchange for two pieces
of crack cocaine. Id. at 22-25. Hollins stated that Gray's
agreement to sell crack cocaine occurred outside the apartment
building, and the drug transaction took place in the hallway of
that same building. Id. at 25. Hollins described the hallway as:
"there is an apartment to the left[,] an apartment to the right,
and there is a stairway" on the left side of the hallway facing the
door; that stairway leads to an upstairs apartment. Id. at 24.
According to Hollins, there was "basically. . . no" conversation in
the hallway. Id. at 25, 42. The jury heard the audiotape
recording of the drug transaction. Id. at 38-43.

> defendant has failed to allege a legally
> sufficient claim for post-conviction relief.
> There is no legal basis to object to the
> admission of the money verification sheet.
> See Exhibit A, p. 68-75. The proper predicate
> was laid during the course of the trial.

Resp. Ex. 11 at 194 (emphasis deleted). The trial court denied the Rule 3.850 motion "for the reasons set forth in the State's response. Id. at 23. Upon Gray's appeal, the appellate court affirmed the trial court's decision per curiam.

Once again, it appears that the appellate court affirmed the denial of Gray's motion for post conviction relief on the merits. If the appellate court addressed the merits, Gray would not be entitled to relief because the state courts' adjudications of this claim are entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the state court adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Gray is not entitled to relief on the basis of this claim.

Even assuming that the appellate court did not affirm the denial of the Rule 3.850 motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Gray's claim is still without merit. The record

supports the trial court's conclusion. Moreover, given the record,[15] counsel's performance was within the wide range of professionally competent assistance. Even assuming arguendo deficient performance by defense counsel, Gray has not shown prejudice because he has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had objected to the admission of the money verification sheet or moved to suppress it. Therefore, Gray's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.[16]

---

[15] The JSO money verification sheet was relevant to show that the money used in the buy/bust operation was found in the apartment building's hallway, near where Gray was apprehended. Detective Hollins testified that he photocopied and marked the money that was used in the operation. Tr. at 33. He identified the photocopy as being a true and correct representation of the money copied and used. Id. at 33-34. Detective Elegino also identified the "buy money" on the sheet as being the twenty-dollar bill that he recovered near the staircase where Gray was apprehended. Id. at 71-73.

[16] See Purvis v. Crosby, 451 F.3d 734, 737 (11th Cir. 2006) (stating that, where petitioner claims counsel should have objected, "we are to gauge prejudice against the outcome of the trial: whether there is a reasonable probability of a different result at trial, not on appeal."), cert. denied, 549 U.S. 1035 (2006). The Court noted that its decision in Davis v. Sec'y for the Dep't of Corr., 341 F.3d 1310 (11th Cir. 2003) (per curiam), "is not to the contrary." Purvis, 451 F.3d at 737.

> [In Davis, 341 F.3d 1310] trial counsel objected during voir dire to the Batson error that was being committed but when his objection was rejected, counsel failed to take the next step of renewing that objection after the conclusion of voir dire; in the Florida courts that is a necessary step before the

## H. Ground Eight

As ground eight, Gray asserts that counsel was ineffective because she failed to request a curative instruction on sale or delivery. He raised this ineffectiveness claim in his Rule 3.850 motion. Resp. Ex. 11 at 17-18. As to this claim, the State responded that there was "no legal reason" for counsel to request a curative instruction. Id. at 196. The trial court denied the Rule 3.850 motion "for the reasons set forth in the State's response. Id. at 23. On appeal, the appellate court affirmed the trial court's decision per curiam.

Given the record in the instant action, the appellate court may have affirmed the denial of Gray's motion for post conviction relief on the merits. If the appellate court addressed the merits, Gray would not be entitled to relief because the state courts' adjudications of this claim are entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve

---

issue may be reviewed on appeal. Id. at 1312. This Court held that because the failure of counsel was solely in his role as appellate counsel at trial (those are not the words we used in Davis, but it is what we meant), the prejudice inquiry should focus on the effect that counsel's omission at trial had on the appeal. Id. at 1315-16.

Id.

an unreasonable application of clearly established federal law. Nor were the state court adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Gray is not entitled to relief on the basis of this claim.

Even assuming that the appellate court did not affirm the denial of the Rule 3.850 motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Gray's claim is simply without merit. The trial court's conclusion is fully supported by the record. Additionally, counsel's performance was within the wide range of professionally competent assistance. Indeed, there was no reason for counsel to request a curative instruction,[17] as the trial judge properly instructed the jury regarding the State's burden of proof. See Tr. at 133-46. Even assuming arguendo deficient performance by defense counsel, Gray has not shown prejudice. Specifically, Gray has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had requested a curative instruction. Therefore, Gray's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

---

[17] Gray asserts that counsel should have requested that the court instruct the jury that a conviction cannot rest upon mere suspicion, conjecture, and speculation.

## I. Ground Nine

As ground nine, Gray contends that his due process rights were violated when the state post-conviction court denied his Rule 3.800(a) motion and did not attach a transcript of the 1998 sentencing hearing to refute his claim that such a transcript would show that he was sentenced to a misdemeanor charge, rather than the felony that permitted habitual felony offender sentencing.  Gray filed a pro se Rule 3.800(a), see Resp. Ex. 27 at 1-6, and the trial court denied the motion, finding that Petitioner "was correctly sentenced" as a habitual felony offender and that "the sentence imposed "is lawful, correct and appropriate."  Id. at 7. In support of its denial, the court attached the judgments of the two prior convictions.  Id. at 8-13, 14-19.  The appellate court affirmed the trial court's decision per curiam.  Resp. Exs. 28; 30.

To the extent that Gray challenges the state collateral proceeding, this issue does not state a basis for federal habeas relief.  The Eleventh Circuit Court of Appeals "has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief."  Carroll v. Sec'y, Dep't of Corr, 574 F.3d 1354, 1365 (11th Cir.) (citations omitted), cert. denied, 130 S.Ct. 500 (2009). "The reasoning behind this well-established principle is straightforward:  a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment--i.e., the conviction itself--and thus habeas relief is not an appropriate

remedy." <u>Id</u>. (citations omitted).  Moreover, the claim is without

merit.  Gray was convicted of child neglect, a third degree felony,

and sentenced on November 12, 1998.  Resp. Ex. 1 at 64, Case No.

98-13961-CF-A, Judgment, dated November 12, 1998; Sentencing Tr. at

17-20.  Thus, Gray is not entitled to federal habeas corpus relief

on this issue.

**VIII. Certificate of Appealability**
**Pursuant to 28 U.S.C. § 2253(c)(1)**

If   Petitioner   seeks   issuance   of   a   certificate   of

appealability,   the   undersigned   opines   that   a   certificate   of

appealability   is   not   warranted.   This   Court   should   issue   a

certificate   of   appealability   only   if   the   Petitioner   makes   "a

substantial   showing   of   the   denial   of   a   constitutional   right."   28

U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner

"must demonstrate that reasonable jurists would find the district

court's   assessment   of   the   constitutional   claims   debatable   or

wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack</u>

<u>v.  McDaniel</u>,   529   U.S.   473,   484   (2000)),   or   that   "the   issues

presented   were   'adequate   to   deserve   encouragement   to   proceed

further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003)

(quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where   a   district   court   has   rejected   a   petitioner's

constitutional   claims   on   the   merits,   the   petitioner   must

demonstrate that reasonable jurists would find the district court's

assessment  of  the  constitutional  claims  debatable  or  wrong.   <u>See</u>

36

<u>Slack</u>, 529 U.S. at 484.   However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   Petitioner's request to add "eight more [i]ssues" in light of <u>Shelton</u>, 691 F.3d 1348, contained in his Response (Doc. #32), is **DENIED.**

3.   The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

4.   If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

5.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of

January, 2013.

MARCIA MORALES HOWARD
United States District Judge

sc 11/14
c:
Robert Alexander Gray
Ass't Attorney General (Duffy)